Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Diane Martinez, State Bar No. 276499
E-Mail: dmartinez@hurrellcantrall.com
Roy Garcia, State Bar No. 302703
E-Mail: rgarcia@hurrellcantrall.com
HURRELL CANTRALL LLP
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES
COUNTY SHERIFF'S DEPARTMENT and SHERIFF ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ESTATE OF ERIC ESTEBAN BRICENO, Deceased, through his successor in interest Blanca Luisa Briceno and BLANCA LUISA BRICENO, individually and as successor in interest; and JUAN MANUEL BRICENO, individually and as successor in interest,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF ALEX VILLANUEVA, and DOES 1 to 10,

Defendants.

CASE NO. 2:21-cv-01388-SB(Ex)

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

[Assigned to Hon. Stanley Blumenfeld, Jr., Courtroom "6C"]

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## I. PURPOSES AND LIMITATIONS

As the parties have represented that discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures

or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 13.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of District Judge Stanley Blumenfeld, Jr. and Magistrate Judge Charles F. Eick.

If any material disclosed or obtained in the course of the instant litigation is intended to be used for any purpose other than prosecuting this litigation, the party seeking public disclosure or dissemination of such materials must first seek approval from the Court.

## II.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential information pertaining to personnel records and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objections and interests, including the safety of personnel and the public, as well as individual privacy rights of plaintiffs, the individual defendants, and third parties. Such confidential materials and information consist of, among other things, materials entitled to privileges and/or protections under the following: United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* §§ 832.5, 832.7 and 832.8; California *Evidence Code* §§ 1040 and 1043 et. seq; the Privacy Act of 1974, 5 U.S.C. § 552; Health Insurance Portability and Accountability Act of 1996 (HIPPA); the right to privacy; decisional law relating to such provisions; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from

disclosure under state or federal statutes, court rules, case decisions, or common law. Defendants also contend that such confidential materials and information consist of materials entitled to the Official Information Privilege.

Confidential information with respect to the Defendants may include, but is not limited to: personnel files; internal investigative files and documents; email and written correspondence records; and policies and procedures that are kept from the public in the ordinary course of business, as well as other information that is not generally available to the public and is subject to the Official Information Privilege and other privileges. Confidential information with financial records; email and written correspondence records; video footage and/or photographs of the incident; and psychological and medical notes, evaluations, reports, and treatment plans.

Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. Photographs, video or audio footage obtained through the course of discovery or otherwise may not be used for any purpose other than litigating this lawsuit. The parties agree to refrain from directly or indirectly disclosing or publicly disseminating deposition testimony, and/or photographs, video or audio footage obtained through the course of discovery or otherwise, specifically including, but not limited to, dissemination via billboard advertisements, print and online media organizations, or any other internet posting or social media. If any party intends to use such materials for any purpose other than litigating this lawsuit, the party seeking public disclosure must first seek approval from the Court.

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## III.  **DEFINITIONS**

3.1.   <u>Action</u>:   The instant action:  *Estate of Eric Esteban Briceno, et al. v. County of Los Angeles, et al.*, Case No. 2:21-cv-01388-SB(Ex)

3.2.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3.   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

3.5.   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-4-

1  an expert witness or as a consultant in this Action.

2        3.8.  House Counsel:  attorneys who are employees of a party to this Action.

3  House Counsel does not include Outside Counsel of Record or any other outside

4  counsel.

5        3.9.  Non-Party:  any natural person, partnership, corporation, association, or

6  other legal entity not named as a Party to this action.

7        3.10.  Outside Counsel of Record:  attorneys who are not employees of a

8  party to this Action but are retained to represent or advise a party to this Action and

9  have appeared in this Action on behalf of that party or are affiliated with a law firm

10  which has appeared on behalf of that party, and includes support staff.

11        3.11.  Party:  any party to this Action, including all of its officers, directors,

12  employees, consultants, retained experts, and Outside Counsel of Record (and their

13  support staffs).

14        3.12.  Producing Party:  a Party or Non-Party that produces Disclosure or

15  Discovery Material in this Action.

16        3.13.  Professional Vendors:  persons or entities that provide litigation

17  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

18  demonstrations, and organizing, storing, or retrieving data in any form or medium)

19  and their employees and subcontractors.

20        3.14.  Protected Material:  any Disclosure or Discovery Material that is

21  designated as "CONFIDENTIAL."

22        3.15.  Receiving Party:  a Party that receives Disclosure or Discovery

23  Material from a Producing Party.

24  **IV.  SCOPE**

25        The protections conferred by this Order cover not only Protected Material (as

26  defined above), but also (1) any information copied or extracted from Protected

27  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

28  and (3) any deposition testimony, conversations, or presentations by Parties or their

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-5-

1  Counsel that might reveal Protected Material, other than during a court hearing or at

2  trial.

3     Any use of Protected Material during a court hearing or at trial shall be

4  governed by the orders of the presiding judge.  This Order does not govern the use

5  of Protected Material during a court hearing or at trial.

6  **V.   DURATION**

7     Even after final disposition of this litigation, the confidentiality obligations

8  imposed by this Order shall remain in effect until a Designating Party agrees

9  otherwise in writing or a court order otherwise directs. Final disposition shall be

10 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

11 or without prejudice; and (2) final judgment herein after the completion and

12 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

13 including the time limits for filing any motions or applications for extension of time

14 pursuant to applicable law.

15 **VI.   DESIGNATING PROTECTED MATERIAL**

16    6.1   Exercise of Restraint and Care in Designating Material for Protection.

17 Each Party or Non-Party that designates information or items for protection under

18 this Order must take care to limit any such designation to specific material that

19 qualifies under the appropriate standards. The Designating Party must designate for

20 protection only those parts of material, documents, items, or oral or written

21 communications that qualify so that other portions of the material, documents,

22 items, or communications for which protection is not warranted are not swept

23 unjustifiably within the ambit of this Order.

24    Mass, indiscriminate, or routinized designations are prohibited. Designations

25 that are shown to be clearly unjustified or that have been made for an improper

26 purpose (e.g., to unnecessarily encumber the case development process or to impose

27 unnecessary expenses and burdens on other parties) may expose the Designating

28 Party to sanctions.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony. Photographs, video or audio footage taken at a deposition may not be used for any purpose other than litigating this lawsuit. The parties agree to refrain from directly or indirectly disclosing or publicly disseminating deposition testimony, and/or photographs, video or audio footage obtained through the course of discovery or otherwise, specifically including, but not limited to, print and online media organizations, or any other internet posting or social media. If any party intends to use such materials for any purpose other than litigating this lawsuit, the party seeking public disclosure must first seek approval from the Court.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

-8-

7.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-9-

1   disclosure is reasonably necessary for this Action and who have signed the

2   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3       (d)  the court and its personnel;

4       (e)  court reporters and their staff;

5       (f)   professional jury or trial consultants, mock jurors, and Professional

6   Vendors to whom disclosure is reasonably necessary for this Action and who have

7   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8       (g)  the author or recipient of a document containing the information or a

9   custodian or other person who otherwise possessed or knew the information;

10      (h)   during their depositions, witnesses, and attorneys for witnesses, in the

11  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

12  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

13  form attached as Exhibit A hereto; and (2) they will not be permitted to keep any

14  confidential information unless they sign the "Acknowledgment and Agreement to

15  Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party

16  or ordered by the court.  Pages of transcribed deposition testimony or exhibits to

17  depositions that reveal Protected Material may be separately bound by the court

18  reporter and may not be disclosed to anyone except as permitted under this

19  Protective Order; and

20      (i)   any mediator or settlement officer, and their supporting personnel,

21  mutually agreed upon by any of the parties engaged in settlement discussions.

22  IX.   **PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED**

23        **PRODUCED IN OTHER LITIGATION**

24      If a Party is served with a subpoena or a court order issued in other litigation

25  that compels disclosure of any information or items designated in this Action as

26  "CONFIDENTIAL," that Party must:

27      (a)  promptly notify in writing the Designating Party. Such notification shall

28  include a copy of the subpoena or court order unless prohibited by law;

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-10-

1  (b)  promptly notify in writing the party who caused the subpoena or order to
2  issue in the other litigation that some or all of the material covered by the subpoena
3  or order is subject to this Protective Order.  Such notification shall include a copy of
4  this Protective Order; and

5  (c)  cooperate with respect to all reasonable procedures sought to be pursued
6  by the Designating Party whose Protected Material may be affected.

7  If the Designating Party timely seeks a protective order, the Party served with
8  the subpoena or court order shall not produce any information designated in this
9  action as "CONFIDENTIAL" before a determination by the court from which the
10  subpoena or order issued, unless the Party has obtained the Designating Party's
11  permission, or unless otherwise required by the law or court order.  The Designating
12  Party shall bear the burden and expense of seeking protection in that court of its
13  confidential material and nothing in these provisions should be construed as
14  authorizing or encouraging a Receiving Party in this Action to disobey a lawful
15  directive from another court.

16  **X.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
17  **PRODUCED IN THIS LITIGATION**

18  (a)  The terms of this Order are applicable to information produced by a Non-
19  Party in this Action and designated as "CONFIDENTIAL."  Such information
20  produced by Non-Parties in connection with this litigation is protected by the
21  remedies and relief provided by this Order.  Nothing in these provisions should be
22  construed as prohibiting a Non-Party from seeking additional protections.

23  (b)  In the event that a Party is required, by a valid discovery request, to
24  produce a Non-Party's confidential information in its possession, and the Party is
25  subject to an agreement with the Non-Party not to produce the Non-Party's
26  confidential information, then the Party shall:

27  (1)  promptly notify in writing the Requesting Party and the Non-Party that
28  some or all of the information requested is subject to a confidentiality agreement

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-11-

with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.   If an unrepresented Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Be Bound" that is attached hereto as Exhibit A.

2  **XII.**  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

3  **PROTECTED MATERIAL**

4      When a Producing Party gives notice to Receiving Parties that certain

5  inadvertently produced material is subject to a claim of privilege or other protection,

6  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

8  may be established in an e-discovery order that provides for production without

9  prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

10 as the parties reach an agreement on the effect of disclosure of a communication or

11 information covered by the attorney-client privilege or work product protection, the

12 parties may incorporate their agreement into this Protective Order.

13 **XIII.**  **MISCELLANEOUS**

14     13.1   Right to Further Relief. Nothing in this Order abridges the right of any

15 person to seek its modification by the Court in the future.

16     13.2   Right to Assert Other Objections. No Party waives any right it

17 otherwise would have to object to disclosing or producing any information or item

18 on any ground not addressed in this Protective Order.  Similarly, no Party waives

19 any right to object on any ground to use in evidence of any of the material covered

20 by this Protective Order.

21     13.3   Filing Protected Material. A Party that seeks to file under seal any

22 Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

23 orders of the assigned District Judge and Magistrate Judge.  If a Party's request to

24 file Protected Material under seal is denied by the court, then the Receiving Party

25 may file the information in the public record unless otherwise instructed by the

26 court.

27 **XIV.**  **FINAL DISPOSITION**

28     After the final disposition of this Action, as defined in Section 5, within 60

-13-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## XV.  <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

*/S/ Sonia M. Mercado*                                    DATED: <u>April 5, 2021</u>
Sonia M. Mercado, Esq.
SONIA MERCADO & ASSOCIATES
Attorneys for Plaintiffs Estate of Eric Esteban Briceno,
Blanca Luisa Briceno, Juan Manuel Briceno

*/S/ R. Samuel Paz*                                       DATED: <u>April 5, 2021</u>
R. Samuel Paz, Esq.
LAW OFFICES OF R. SAMUEL PAZ
Attorneys for Plaintiff Juan Manuel Briceno

*/S/ John Burton*                                         DATED: <u>April 5, 2021</u>
John Burton, Esq.
LAW OFFICE OF JOHN BURTON
Attorneys for Plaintiff Juan Manuel Briceno

/s/ Mark R. Pachowicz                                     DATED: <u>April 5, 2021</u>
Mark R. Pachowicz, Esq.
Jennie A. Hendrickson, Esq.
PACHOWICZ GOLDENRING, a PLC
Attorneys for Plaintiffs Estate of Eric Esteban Briceno,
Blanca Luisa Briceno, Juan Manuel Briceno

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

2

3      /s/ Diane Martinez                                    DATED: April 6, 2021

4    Thomas C. Hurrell, Esq.
     Diane Martinez, Esq.
5    Roy Garcia, Esq.
     HURRELL CANTRALL LLP
6    Attorneys for Defendants County of Los Angeles,
     Los Angeles County Sheriff's Department, Sheriff Alex Villanueva
7

8

9    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11   DATED:   4/6/2021

12

13      /s/ CHARLES F. EICK

14   Honorable Charles F. Eick
     United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

_____ in the case of *Estate of Eric Esteban Briceno, et al.*

*v. County of Los Angeles, et al.*, Case No. 2:21-cv-01388-SB(Ex).  I agree to comply

with and to be bound by all the terms of this Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-17-