1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Diane Martinez, State Bar No. 276499
   E-Mail: dmartinez@hurrellcantrall.com
3  Roy Garcia, State Bar No. 302703
   E-Mail: rgarcia@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES
   COUNTY SHERIFF'S DEPARTMENT and SHERIFF ALEX VILLANUEVA

8

9              **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  ESTATE OF ERIC ESTEBAN                CASE NO. 2:21-cv-01388-SB(Ex)
    BRICENO, Deceased, through his
13  successor in interest Blanca Luisa    [Assigned to Hon. Stanley Blumenfeld,
    Briceno and BLANCA LUISA             Jr., Courtroom "6C"]
14  BRICENO, individually and as
    successor in interest; and JUAN
15  MANUEL BRICENO, individually and     **DISCOVERY MATTER**
    as successor in interest,
16                                        **Hon. Charles F. Eick**
                 Plaintiffs,
17                                        ~~[PROPOSED]~~ **STIPULATED**
          v.                              **PROTECTIVE ORDER**
18
    COUNTY OF LOS ANGELES, LOS
19  ANGELES COUNTY SHERIFF'S
    DEPARTMENT, SHERIFF ALEX
20  VILLANUEVA, and DOES 1 to 10,
21               Defendants.
22

23  I.    **PURPOSES AND LIMITATIONS**

24        As the parties have represented that discovery in this action is likely to

25  involve production of confidential or private information for which special

26  protection from public disclosure and from use for any purpose other than

27  prosecuting this litigation may be warranted, this Court enters the following

28  Protective Order.  This Order does not confer blanket protections on all disclosures

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 13.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of District Judge Stanley Blumenfeld, Jr. and Magistrate Judge Charles F. Eick.

If any material disclosed or obtained in the course of the instant litigation is intended to be used for any purpose other than prosecuting this litigation, the party seeking public disclosure or dissemination of such materials must first seek approval from the Court.

## II.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential information pertaining to personnel records and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objections and interests, including the safety of personnel and the public, as well as individual privacy rights of plaintiffs, the individual defendants, and third parties. Such confidential materials and information consist of, among other things, materials entitled to privileges and/or protections under the following: United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* §§ 832.5, 832.7 and 832.8; California *Evidence Code* §§ 1040 and 1043 et. seq; the Privacy Act of 1974, 5 U.S.C. § 552; Health Insurance Portability and Accountability Act of 1996 (HIPPA); the right to privacy; decisional law relating to such provisions; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

disclosure under state or federal statutes, court rules, case decisions, or common law. Defendants also contend that such confidential materials and information consist of materials entitled to the Official Information Privilege.

Confidential information with respect to the Defendants may include, but is not limited to: personnel files; internal investigative files and documents; email and written correspondence records; and policies and procedures that are kept from the public in the ordinary course of business, as well as other information that is not generally available to the public and is subject to the Official Information Privilege and other privileges. Confidential information with financial records; email and written correspondence records; video footage and/or photographs of the incident; and psychological and medical notes, evaluations, reports, and treatment plans.

Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. Confidential photographs, video or audio footage obtained through the course of discovery or otherwise may not be used for any purpose other than litigating this lawsuit. The parties agree to refrain from directly or indirectly disclosing or publicly disseminating confidential deposition testimony, and/or photographs, video or audio footage obtained through the course of discovery or otherwise, specifically including, but not limited to, dissemination via billboard advertisements, print and online media organizations, or any other internet posting or social media. If any party intends to use such confidential materials for any purpose other than litigating this lawsuit, the party seeking public disclosure must first seek approval from the Court.

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

### III.   **DEFINITIONS**

3.1.   <u>Action</u>:   The instant action:   *Estate of Eric Esteban Briceno, et al. v. County of Los Angeles, et al.*, Case No. 2:21-cv-01388-SB(Ex)

3.2.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3.   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

3.5.   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    3.8.    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    3.9.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    3.10.    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

    3.11.    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    3.12.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    3.13.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    3.14.    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    3.15.    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  and (3) any deposition testimony, conversations, or presentations by Parties or their
2  Counsel that reveal Protected Material, other than during a court hearing or at trial.

3  Any use of Protected Material during a court hearing or at trial shall be
4  governed by the orders of the presiding judge.  This Order does not govern the use
5  of Protected Material during a court hearing or at trial.

6  **V.    DURATION**

7  Even after final disposition of this litigation, the confidentiality obligations
8  imposed by this Order shall remain in effect until a Designating Party agrees
9  otherwise in writing or a court order otherwise directs. Final disposition shall be
10 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
11 or without prejudice; and (2) final judgment herein after the completion and
12 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
13 including the time limits for filing any motions or applications for extension of time
14 pursuant to applicable law.

15 **VI.   DESIGNATING PROTECTED MATERIAL**

16 6.1    _Exercise of Restraint and Care in Designating Material for Protection_.
17 Each Party or Non-Party that designates information or items for protection under
18 this Order must take care to limit any such designation to specific material that
19 qualifies under the appropriate standards. The Designating Party must designate for
20 protection only those parts of material, documents, items, or oral or written
21 communications that qualify so that other portions of the material, documents,
22 items, or communications for which protection is not warranted are not swept
23 unjustifiably within the ambit of this Order.

24 Mass, indiscriminate, or routinized designations are prohibited. Designations
25 that are shown to be clearly unjustified or that have been made for an improper
26 purpose (e.g., to unnecessarily encumber the case development process or to impose
27 unnecessary expenses and burdens on other parties) may expose the Designating
28 Party to sanctions.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony. Confidential photographs, video or audio footage taken at a deposition may not be used for any purpose other than litigating this lawsuit. The parties agree to refrain from directly or indirectly disclosing or publicly disseminating confidential deposition testimony, and/or photographs, video or audio footage obtained through the course of discovery or otherwise, specifically including, but not limited to, print and online media organizations, or any other internet posting or social media. If any party intends to use such materials for any purpose other than litigating this lawsuit, the party seeking public disclosure must first seek approval from the Court.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)  The legend "CONFIDENTIAL" shall be affixed to documents and other tangible items in a manner that does not obscure the information contained thereon.

6.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

HURRELL CANTRALL LLP

300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Scheduling Order.

2      7.2    Meet and Confer.   The Challenging Party shall initiate the dispute

3  resolution process under Local Rule 37-1 et seq.

4      7.3    The burden of persuasion in any such challenge proceeding shall be on

5  the Designating Party. Frivolous challenges, and those made for an improper

6  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

7  parties) may expose the Challenging Party to sanctions. Unless the Designating

8  Party has waived or withdrawn the confidentiality designation, all parties shall

9  continue to afford the material in question the level of protection to which it is

10  entitled under the Producing Party's designation until the Court rules on the

11  challenge.

12  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

13      8.1    Basic Principles. A Receiving Party may use Protected Material that is

14  disclosed or produced by another Party or by a Non-Party in connection with this

15  Action only for prosecuting, defending, or attempting to settle this Action.  Such

16  Protected Material may be disclosed only to the categories of persons and under the

17  conditions described in this Order. When the Action has been terminated, a

18  Receiving Party must comply with the provisions of Section 14 below.

19      Protected Material must be stored and maintained by a Receiving Party at a

20  location and in a secure manner that ensures that access is limited to the persons

21  authorized under this Order.

22      8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

23  otherwise ordered by the court or permitted in writing by the Designating Party, a

24  Receiving Party may disclose any information or item designated

25  "CONFIDENTIAL" only to:

26      (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

27  as employees of said Outside Counsel of Record to whom it is reasonably necessary

28  to disclose the information for this Action;

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1      (b)  the officers, directors, and employees (including House Counsel) of the
2  Receiving Party to whom disclosure is reasonably necessary for this Action;

3      (c)  Experts (as defined in this Order) of the Receiving Party to whom
4  disclosure is reasonably necessary for this Action and who have signed the
5  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6      (d)  the court and its personnel;

7      (e)  court reporters and their staff;

8      (f)  professional jury or trial consultants, mock jurors, and Professional
9  Vendors to whom disclosure is reasonably necessary for this Action and who have
10  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11      (g)  the author or recipient of a document containing the information or a
12  custodian or other person who otherwise possessed or knew the information;

13      (h)  during their depositions, witnesses, and attorneys for witnesses, in the
14  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party
15  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"
16  form attached as Exhibit A hereto; and (2) they will not be permitted to keep any
17  confidential information unless they sign the "Acknowledgment and Agreement to
18  Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party
19  or ordered by the court.  Pages of transcribed deposition testimony or exhibits to
20  depositions that reveal Protected Material may be separately bound by the court
21  reporter and may not be disclosed to anyone except as permitted under this
22  Protective Order; and

23      (i)  any mediator or settlement officer, and their supporting personnel,
24  mutually agreed upon by any of the parties engaged in settlement discussions.

25  **IX.  PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED**
26  **PRODUCED IN OTHER LITIGATION**

27      If a Party is served with a subpoena or a court order issued in other litigation
28  that compels disclosure of any information or items designated in this Action as

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-10-

1  "CONFIDENTIAL," that Party must:

2      (a)  promptly notify in writing the Designating Party.  Such notification shall
3  include a copy of the subpoena or court order unless prohibited by law;

4      (b)  promptly notify in writing the party who caused the subpoena or order to
5  issue in the other litigation that some or all of the material covered by the subpoena
6  or order is subject to this Protective Order.  Such notification shall include a copy of
7  this Protective Order; and

8      (c)  cooperate with respect to all reasonable procedures sought to be pursued
9  by the Designating Party whose Protected Material may be affected.

10     If the Designating Party timely seeks a protective order, the Party served with
11 the subpoena or court order shall not produce any information designated in this
12 action as "CONFIDENTIAL" before a determination by the court from which the
13 subpoena or order issued, unless the Party has obtained the Designating Party's
14 permission, or unless otherwise required by the law or court order.  The Designating
15 Party shall bear the burden and expense of seeking protection in that court of its
16 confidential material and nothing in these provisions should be construed as
17 authorizing or encouraging a Receiving Party in this Action to disobey a lawful
18 directive from another court.

19 **X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
20 **PRODUCED IN THIS LITIGATION**

21     (a)  The terms of this Order are applicable to information produced by a Non-
22 Party in this Action and designated as "CONFIDENTIAL."   Such information
23 produced by Non-Parties in connection with this litigation is protected by the
24 remedies and relief provided by this Order.  Nothing in these provisions should be
25 construed as prohibiting a Non-Party from seeking additional protections.

26     (b)  In the event that a Party is required, by a valid discovery request, to
27 produce a Non-Party's confidential information in its possession, and the Party is
28 subject to an agreement with the Non-Party not to produce the Non-Party's

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.   If an unrepresented Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

## XIII.  MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   court.

2   **XIV.  FINAL DISPOSITION**

3   After the final disposition of this Action, as defined in Section 5, within 60

4   days of a written request by the Designating Party, each Receiving Party must return

5   all Protected Material to the Producing Party or destroy such material. As used in

6   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7   summaries, and any other format reproducing or capturing any of the Protected

8   Material. Whether the Protected Material is returned or destroyed, the Receiving

9   Party must submit a written certification to the Producing Party (and, if not the same

10  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

11  (by category, where appropriate) all the Protected Material that was returned or

12  destroyed and (2) affirms that the Receiving Party has not retained any copies,

13  abstracts, compilations, summaries or any other format reproducing or capturing any

14  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

15  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

16  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

17  reports, attorney work product, and consultant and expert work product, even if such

18  materials contain Protected Material. Any such archival copies that contain or

19  constitute Protected Material remain subject to this Protective Order as set forth in

20  Section 5.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  **XV.** <u>**VIOLATION**</u>

2       Any violation of this Order may be punished by any and all appropriate

3  measures including, without limitation, contempt proceedings and/or monetary

4  sanctions.

5

6  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

7

8

9       */S/ Sonia M. Mercado*                              DATED: <u>April 5, 2021</u>

10  Sonia M. Mercado, Esq.
    SONIA MERCADO & ASSOCIATES

11  Attorneys for Plaintiffs Estate of Eric Esteban Briceno,
    Blanca Luisa Briceno, Juan Manuel Briceno

12

13

14       */S/ R. Samuel Paz*                                DATED: <u>April 5, 2021</u>

15  R. Samuel Paz, Esq.
    LAW OFFICES OF R. SAMUEL PAZ

16  Attorneys for Plaintiff Juan Manuel Briceno

17

18

19       */S/ John Burton*                                  DATED: <u>April 5, 2021</u>

20  John Burton, Esq.
    LAW OFFICE OF JOHN BURTON

21  Attorneys for Plaintiff Juan Manuel Briceno

22

23

24       /s/ Mark R. Pachowicz                              DATED: <u>April 5, 2021</u>

25  Mark R. Pachowicz, Esq.
    Jennie A. Hendrickson, Esq.

26  PACHOWICZ GOLDENRING, a PLC
    Attorneys for Plaintiffs Estate of Eric Esteban Briceno,

27  Blanca Luisa Briceno, Juan Manuel Briceno

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

2

3        /s/ Diane Martinez                                    DATED: April 6, 2021

4    Thomas C. Hurrell, Esq.
     Diane Martinez, Esq.
5    Roy Garcia, Esq.
     HURRELL CANTRALL LLP
6    Attorneys for Defendants County of Los Angeles,
     Los Angeles County Sheriff's Department, Sheriff Alex Villanueva
7

8

9    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11   DATED:   4/7/21

12

13        /S/ CHARLES F. EICK

14   Honorable Charles F. Eick
     United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL, LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-16-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Estate of Eric Esteban Briceno, et al. v. County of Los Angeles, et al.*, Case No. 2:21-cv-01388-SB(Ex).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.   I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____