## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as "Agreement") is made and entered into by and between the defendant COUNTY OF LOS ANGELES (hereafter "DEFENDANT" or "COLA"), and the plaintiffs BLANCA BRICENO and JUAN MANUEL BRICENO (hereafter referred to as "PLAINTIFFS"), currently Parties to the litigation entitled *Estate of Eric Esteban Briceno, et al. v. County of Los Angeles, et al.* venued in the United States District Court – Central District of California, Case No. 2:21-cv-01388-SB-E (hereinafter referred to as the "LAWSUIT"). PLAINTIFFS and DEFENDANT collectively shall be referred to as the "Parties" herein.

DEFENDANT and PLAINTIFFS agree that the ESTATE OF ERIC ESTEBAN BRICENO, Deceased, through his successor in interest Blanca Briceno and Juan Manuel Briceno as successor in interest, is not a party to this Agreement and will take nothing from this Agreement. The ESTATE OF ERIC ESTEBAN BRICENO will dismiss this entire LAWSUIT as to all DEFENDANTS and as to all claims with prejudice for mutual releases and waivers of attorneys' fees and costs.

DEFENDANT and PLAINTIFFS agree that SHERIFF ALEX VILLANUEVA, SERGEANT JOSEPH BERNAS, SERGEANT ISAIAS MARIN, CAPTAIN (now COMMANDER) RICHARD MEJIA, DEPUTY JENNIFER ROMERO, DEPUTY DANNY GALVEZ, DEPUTY DAVID VACA, DEPUTY NATHANIEL TRUJILLO, DEPUTY STEVEN MARTINEZ, DEPUTY ANDREW MAGALLANES, DEPUTY HILDA RUIZ, DEPUTY JOANA PALOMBI, DEPUTY MIGUEL LEON, and DEPUTY AN LUU, are not parties to this Agreement and PLAINTIFFS will dismiss this entire LAWSUIT as to all of them and as to all claims with prejudice for mutual releases and waivers of attorneys' fees and costs.

## RECITALS

WHEREAS, there is a dispute, controversy, and/or claim between PLAINTIFFS and DEFENDANT, which concerns and/or involves PLAINTIFFS' alleged injuries arising from the officer-involved use of force incident that occurred on March 16, 2020, in the city of Maywood, California (hereinafter referred to as "INCIDENT").

WHEREAS, PLAINTIFFS filed the LAWSUIT by way of a Complaint against DEFENDANT asserting various causes of actions against a public entity; and/or employees.

WHEREAS, PLAINTIFFS and DEFENDANT desire to settle fully and finally all differences between them, including, but in no way limited to, those differences embodied in the LAWSUIT.

NOW, THEREFORE, in consideration of the promises herein contained, IT IS AGREED AS FOLLOWS:

1. **Complete Waiver and Release**

In return for the consideration provided in Paragraph 10 ("ten") of this Agreement, PLAINTIFFS, on their own behalf and for their respective heirs, spouses, and assignees, do hereby unconditionally waive, release, discharge and hold DEFENDANT, its counsel, and each

and every past, present, and future employee, agent, attorney, successor, assign, partner, insurers, and representatives of DEFENDANT, harmless from, and covenant not to sue upon, each and every complaint, action, claim, right, charge, demand, liability, obligation, promise, and agreement of any kind or nature that PLAINTIFFS have, or might hereafter claim to have against DEFENDANT as of the date of execution of this Agreement arising out of the INCIDENT including, but not limited to, any and all claims for damages, expenses, costs, or injuries whatsoever sustained by the PLAINTIFFS occasioned directly or indirectly by the INCIDENT as alleged in the LAWSUIT, and further from any actions, claims, rights, liabilities, charges, or demands of any nature whatsoever which may be raised pursuant to any law, constitution, statute, regulation, or any common law theory, whether in tort, contract, equity, or otherwise, except to enforce the Stipulation for Settlement pursuant to CCP section 664.6 signed by the parties on July 15, 2022 (with all of the foregoing collectively referred to as "Claim(s)") arising out of the INCIDENT.

This Agreement and the obligations of the parties hereunder are contingent upon PLAINTIFFS executing a Settlement Agreement and General Release of DEFENDANT thereby settling fully and finally PLAINTIFFS' Claim(s). This Agreement and the obligations of the parties hereunder is further contingent upon approval by the Los Angeles County Board of Supervisors. Accordingly, DEFENDANT'S obligations under this Agreement is subject to approval by the Los Angeles County Board of Supervisors.

## 2. Unknown Claims

PLAINTIFFS acknowledge and agree that, for the consideration stated in Paragraph 10 ("ten") of this Agreement and as a material inducement to DEFENDANT and PLAINTIFFS to enter into this Agreement, this Agreement is intended as a full and complete waiver, release, and discharge of any and all claims that the PLAINTIFFS may or might have or had arising from the INCIDENT. In accepting the consideration stated in Paragraph 10 ("ten") and after having had the opportunity to read and consider the terms of this Agreement, except a lien from St. Francis Hospital, in the amount of $8,922.00 which Defendant has agreed to pay, PLAINTIFFS hereby waive, release, and discharge any and all such claims arising from the INCIDENT and hereby release and discharge DEFENDANT, its counsel, and its past, present, and future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, from any and all liability of any nature whatsoever for all damages - general or special, consequential, and/or exemplary or punitive - or injury or injuries, including, but not limited to, all expenses to which the PLAINTIFFS may have incurred as a result of the INCIDENT and/or LAWSUIT, as well as for all consequences, effects, and results of the INCIDENT, which includes all resulting general, special, exemplary, or punitive damages, and/or injuries whether now known or unknown to the PLAINTIFFS, or have already appeared or developed, or may now be latent and may in the future appear, develop, and/or become known to the PLAINTIFFS arising out of the INCIDENT.

**PLAINTIFFS understand and agree FURTHER, THAT ALL OF THEIR RESPECTIVE RIGHTS UNDER SECTION 1542 OF THE CALIFORNIA CIVIL CODE ARE HEREBY EXPRESSLY WAIVED. PLAINTIFFS understand that Section 1542 of the California Civil Code provides as follows:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR**

**RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, notwithstanding the provisions of Section 1542 of the California Civil Code, and for the purpose of implementing a full and complete release and discharge of DEFENDANT and its past, present, and future officers, employees, agents, attorneys, successors, assigns, insurers, and/or representatives, PLAINTIFFS expressly acknowledge that this Agreement is intended to include in its effect all claims arising from this INCIDENT (except for the Lien from St. Francis Hospital which DEFENDANT has agreed to pay) which PLAINTIFFS do not know or suspect to exist in their respective favor at the time of execution of this Agreement and that this Agreement contemplates the extinguishment of any such claim or claims arising out of the INCIDENT.

Therefore, PLAINTIFFS hereby assume the risk of any and all damage(s) or injury(ies) which may now be latent or unexpected or which may hereafter appear, develop, or occur as a result of the INCIDENT, and PLAINTIFFS will hold DEFENDANT and all of its respective past, present, and future officers, employees, agents, attorneys, successors, assigns, insurers, and/or representatives harmless from any and all claims arising from the INCIDENT.

### 3. Non-Admission of Liability

It is understood that DEFENDANT'S execution of this Agreement is not an admission of any liability whatsoever for any wrongdoing with respect to the INCIDENT by DEFENDANT, or by any of DEFENDANT'S respective past, present, and future officers, employees, agents, attorneys, successors, assigns, insurers, and/or representatives, but rather, is in compromise of PLAINTIFFS' disputed claims.

### 4. County Approval and Dismissal with Prejudice

A fully executed copy of this Agreement is required for approval by the Los Angeles County Board of Supervisors. Approval by the Los Angeles County Board of Supervisors is a condition precedent for this Agreement. If this Settlement is so approved, DEFENDANT COLA shall issue to PLAINTIFFS the settlement funds as described in Paragraph 10 ("ten"), below. This Agreement does not alter the legal ramifications of the previously signed CCP section 664.6 Settlement Agreement signed on July 15, 2022.

PLAINTIFFS further agree to execute and deliver to DEFENDANT a Request for Dismissal with Prejudice of the LAWSUIT within twenty (20) days of receipt of the settlement funds from DEFENDANT. DEFENDANT will have the responsibility of filing the Request for Dismissal with Prejudice in the United States District Court, Central District of California, and will provide PLAINTIFFS with a conformed copy thereof. DEFENDANT shall not file the Request for Dismissal until ten (10) days after receipt of the Request for Dismissal from PLAINTIFFS.

## 5. Waiver of Attorneys' Fees, Sanctions, and Pending Motions

Except as otherwise expressly set forth herein, it is further agreed for the consideration stated in Paragraph 10 ("ten") that PLAINTIFFS and DEFENDANT will bear their own respective costs and expenses, including, but not limited to, expert witness fees, deposition fees, court costs, consultant fees, and attorneys' fees incurred in connection with the INCIDENT and subsequent LAWSUIT. Any sanctions, costs, or attorneys' fees previously ordered for any party in these matters will be deemed dismissed effective on the date of the final execution of this Agreement.

The parties also hereby agree to withdraw any other pending motions in connection with the LAWSUIT on the date of the final execution of this Agreement.

This Agreement represents the full and complete release of any and all claims that PLAINTIFFS and DEFENDANT may or might have, or had, by reason of the happening of the INCIDENT, including, but not limited to, the filing of the LAWSUIT. By signing this Agreement, PLAINTIFFS and DEFENDANT intend to and do hereby release and discharge each other from any and all liability of any nature whatsoever for attorneys' fees, costs, and expenses, on account of the INCIDENT, including, but not limited to, the LAWSUIT and any and all outstanding liens for attorneys' fees, costs, and expenses held by anyone.

## 6. Full and Independent Knowledge

PLAINTIFFS and DEFENDANT agree that neither have been influenced to any extent whatsoever in making this Agreement by any representations or statements regarding this Agreement, their legal liability hereunder, or any other matters, made by the other parties who are hereby released, or by any person or persons representing the other parties.

PLAINTIFFS represent and agree that they each fully understand the final and binding effect of this Agreement, and that during the negotiation of this Agreement the subjects of injuries, general and special damages, and attorneys' fees were discussed, and PLAINTIFFS hereby declare and represent that they each are effecting this settlement and executing this Agreement after having carefully read the Agreement and having consulted with their attorneys of record, and that the only promises made to PLAINTIFFS to sign this Agreement are those stated herein, and that PLAINTIFFS are signing this Agreement voluntarily, through exercise of their respective free wills.

## 7. No Filings by Plaintiff

PLAINTIFFS represent that regarding the INCIDENT they do not have any other pending complaints or charges against DEFENDANT, or its past, present, or future employee, agent, attorney, successor, assign, partner, insurer, or representative, with any local, state, or federal agency or court, other than the LAWSUIT. PLAINTIFFS represent and agree that they will not file any other Action against DEFENDANT, its counsel, or its past, present, or future employee, agent, attorney, successor, assign, partner, insurer, or representative, with any local, state, or federal court at any time hereafter based upon any matter related to the INCIDENT which forms the basis of the LAWSUIT. This does not include the already signed July 15, 2022 CCP Section 664.6 Settlement Agreement

### 8. **Defense and Indemnity**

PLAINTIFFS agree to indemnify and hold harmless and defend DEFENDANT, its counsel, or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, with attorneys selected by DEFENDANT, from any and all past, present or future liability claims, demands, or actions which may hereafter be asserted by any person or entity (except a prosecutorial agency like the District Attorney's Office, the State Attorney General or the Department of Justice,) claiming by, through or under PLAINTIFFS in connection with the INCIDENT and matters giving rise to the Action. PLAINTIFFS further agree that this Agreement shall constitute a bar to all such claims, demands, complaints, cross-complaints, obligations, actions or causes of action, potential or otherwise, raised in the Action or which could have been raised in the Action.

This indemnity includes, but is not limited to, claims brought by PLAINTIFFS' heirs, spouses, executors, administrators, agents, successors, assignees, lien holders or any other claims related to any health care expenses incurred in treating any exposure-related injury alleged by PLAINTIFFS, including, but not limited to, hospital/medical provider liens.

Additionally, PLAINTIFFS will indemnify, defend (with attorneys reasonably selected by DEFENDANT) and hold DEFENDANT, and its past, present, and future employee, agent, attorney, successor, assign, partner, insurer, or representative, harmless from any past, present, or future Medicare or Medi-Cal conditional payments and rights to payment, whether known or unknown, relating to the injuries and claims alleged by PLAINTIFFS in the Action resulting from the INCIDENT. In the event any claim, demand, lawsuit, litigation or legal proceeding is threatened, made, filed brought or initiated against DEFENDANT, and/or its past, present, or future employee, agent, attorney, successor, assign, partner, insurer, or representative, for any such unpaid or unsatisfied obligations or liens related to the Action and INCIDENT, PLAINTIFF shall defend (with attorneys reasonably selected by DEFENDANT), indemnify and hold the DEFENDANT, and/or its past, present, or future employee, agent, attorney, successor, assign, partner, insurer, or representative, harmless from and against the same.

Should any government entity (excluding a prosecutorial agency like the District Attorney's Office, the State Attorney General or the Department of Justice, )seek damages from DEFENDANT, and/or its past, present, or future employee, agent, attorney, successor, assign, partner, insurer, or representative, for payments made by the government entity relating to PLAINTIFFS' alleged injuries or claims at issue in this litigation related to the INCIDENT, PLAINTIFFS will indemnify, defend, and hold DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, harmless from any and all such damages, claims, liens, Medicare or Medi-Cal conditional payments and rights to payment, including any attorney's fees sought by such government entity to recover any bill, cost, or lien described herein.

### 9. **Plaintiff's Attorney to Execute Form W-9**

PLAINTIFFS' attorneys, LAW OFFICES OF R. SAMUEL PAZ, PACHOWICZ | GOLDENRING APLC, and SONIA MERCADO & ASSOCIATES, agree to execute federal Form W-9, Request for Taxpayer Identification Number and Certification within 30 days of execution of this Agreement, in order to provide their Taxpayer Identification Number in compliance with the Taxpayers Relief Act of 1997 before any settlement monies are or can be paid

by DEFENDANT to PLAINTIFFS.

**10.     Payment and Consideration by Defendant**

Any and all settlement monies paid to PLAINTIFFS, pursuant to the terms set forth herein, will be paid by DEFENDANT and its insurers and/or reinsurers. DEFENDANT agrees that when the steps set forth in Paragraphs 1 ("one"), 4 ("four") and 9 ("nine"), above, have been completed, DEFENDANT will provide to PLAINTIFFS the total sum of SIXTEEN MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($16,250,000.00), for the complete settlement of all of PLAINTIFFS' Claims. Defendant will pay this amount in checks totaling two equal payments, each payment in the amount of EIGHT MILLION ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($8,125,000) made payable to (1) Law Offices of R. Samuel Paz and Juan Briceno; and (2) Pachowicz Goldenring, APLC and Blanca Briceno, subject to either Plaintiff or their counsel placing an amount into a structured settlement with a County approved provider as may be set forth in attachments A, B, C and D hereto.

DEFENDANT agrees that DEFENDANT shall satisfy the lien from St. Francis Medical Center, 3630 E. Imperial Hwy., Lynwood, CA 90262 in the amount of EIGHT THOUSAND NINE HUNDRED TWENTY-TWO DOLLARS ($8,922.00).

The Parties agree the ESTATE OF ERIC ESTEBAN BRICENO will take nothing from this Agreement and it will dismiss this entire action with prejudice for mutual releases and waivers of attorneys' fees and costs.

The Parties agree that PLAINTIFFS will dismiss this entire LAWSUIT as to SHERIFF ALEX VILLANUEVA, SERGEANT JOSEPH BERNAS, SERGEANT ISAIAS MARIN, CAPTAIN (now COMMANDER) RICHARD MEJIA, DEPUTY JENNIFER ROMERO, DEPUTY DANNY GALVEZ, DEPUTY DAVID VACA, DEPUTY NATHANIEL TRUJILLO, DEPUTY STEVEN MARTINEZ, DEPUTY ANDREW MAGALLANES, DEPUTY HILDA RUIZ, DEPUTY JOANA PALOMBI, DEPUTY MIGUEL LEON, and DEPUTY AN LUU, and as to all claims with prejudice for mutual releases and waivers of attorneys' fees and costs.

DEFENDANT agrees that DEFENDANT shall pay all mediation fees for the time mediated beyond the four (4) hours scheduled for July 11, 2022.

PLAINTIFFS agree that the settlement provided in consideration of a full, complete, and final settlement of any and all claims which PLAINTIFFS may or might have, or had against DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, including, but not limited to claims for attorneys' fees, or any other claims arising out of any conduct attributable to DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, on or before the date of execution of this Agreement, relating to conduct alleged in the LAWSUIT.

PLAINTIFFS represent and agree that if the appropriate governmental entity finds any or all of these settlement monies described herein to represent taxable earnings, PLAINTIFFS will be responsible for the payment of such taxes. PLAINTIFFS further represent and agree to indemnify, secure, and hold DEFENDANT, its counsel, and/or its past, present, or future employees, agents,

attorneys, successors, assigns, partners, insurers, or representatives, harmless from and against any and all liability or penalties, in any form, resulting from or relating to DEFENDANT'S payment of such settlement monies without withholding of any taxes.

No portion of the proceeds paid under this Settlement Agreement and General Release represent exemplary damages, punitive damages, and all are being paid for alleged personal physical injuries and/or constitutional violation of loss of family relationship pursuant to 42 U.S.C. Section 1983.

COLA understands that PLAINTIFFS are foregoing an upcoming Trial date and will make all best efforts to efficiently expedite the approval process for this settlement. If this Agreement is neither approved or rejected, the PLAINTIFFS will have the right to withdraw from the Agreement. If the County rejects the Agreement, the matter will move forward to trial on November 29, 2022, as presently set by the Court.

### 11. Ownership of Claims

PLAINTIFFS represent that they have never heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any of their respective claims or any portion thereof, or interest therein. PLAINTIFFS further represent that there are no outstanding lien holders with any interest in the subject matter of this Agreement or any of PLAINTIFFS' respective claims resolved by this Agreement and that, should any person or entity claim an interest in the subject matter of this Agreement, or the payments made to PLAINTIFFS by DEFENDANT as part of this Agreement, that such claims can only be made against PLAINTIFFS. PLAINTIFFS agree to indemnify and defend DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, against any such claims made against DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives.

### 12. Medicare

PLAINTIFFS represent and warrant that they have not requested from, or received any, Medicare benefits prior to their retirement. Regarding this INCIDENT Blanca Briceno received attention twice; Juan Briceno was attended to once by paramedics. PLAINTIFFS declare and expressly warrant that they are both retired pursuant to qualifications of Medicare entitlements; PLAINTIFFS are not suffering from end state renal failure; have not applied for Social Security or Railroad Retirement Board disability benefits and are not permanently and totally disabled. Therefore, no Medicare interest in reimbursement of Medicare benefits are being considered. In the event the above information provided by PLAINTIFFS is false or in any way incorrect, PLAINTIFFS shall be solely liable and shall defend (with attorneys selected by DEFENDANT), indemnity, and hold DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, harmless for any and all actions, causes of action, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. In the event any claim, demand, lawsuit, litigation, or legal proceeding is threatened, made, filed, brought, or initiated against DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, for the recovery or recoupment of Medicare benefits paid to, or paid on behalf of

PLAINTIFFS, then the PLAINTIFFS benefitting from such payments shall defend (with attorneys selected by DEFENDANT), indemnify, and hold DEFENDANT, its counsel, and/or its past, present, or future employees, agents, attorneys, successors, assigns, partners, insurers, or representatives, harmless from and against the same.

To satisfy the mandatory reporting obligations under Medicare law and as a condition precedent to DEFENDANT'S obligations to perform under this Agreement, PLAINTIFFS shall provide their Social Security numbers to counsel for DEFENDANT. This information is not to become public record.

If PLAINTIFFS have received Medicare benefits, DEFENDANT'S performance of its obligations under this Release is expressly conditioned on its receipt of documentation from Medicare satisfactory to DEFENDANT stating the total amount Medicare will accept in satisfaction of its statutory lien. In such case, at DEFENDANT'S sole discretion, DEFENDANT may issue either a separate settlement warrant to Medicare or a warrant jointly payable to PLAINTIFFS, PLAINTIFFS' counsel, and Medicare.

### 13. Successors

This Agreement shall be binding upon and inure to the benefit of PLAINTIFFS' respective heirs, administrators, representatives, executors, successors, and assigns as well as DEFENDANTS' respective heirs, administrators, representatives, insurers, executors, successors, and assigns.

### 14. Governing Law

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced, and governed under the laws of the State of California. The Parties further agree this Agreement is enforceable in any court of proper jurisdiction under the provision of California Code of Civil Procedure section 664.6, which provides:

> **IF PARTIES TO PENDING LITIGATION STIPULATE, IN A WRITING SIGNED BY THE PARTIES OUTSIDE THE PRESENCE OF THE COURT OR ORALLY BEFORE THE COURT, FOR SETTLEMENT OF THE CASE, OR PART THEREOF, THE COURT, UPON MOTION, MAY ENTER JUDGMENT PURSUANT TO THE TERMS OF THE SETTLEMENT. IF REQUESTED BY THE PARTIES, THE COURT MAY RETAIN JURISDICTION OVER THE PARTIES TO ENFORCE THE SETTLEMENT UNTIL PERFORMANCE IN FULL OF THE TERMS OF THE SETTLEMENT.**

In the event of any controversy or dispute arising out of this Agreement or the breach thereof, the prevailing Party or Parties shall be entitled to recover their reasonable expenses, including attorneys' fees and costs actually incurred, from the adverse party or parties.

For the protection of the undersigned PLAINTIFFS, California law requires the following to appear on this form:

> **"IT IS UNLAWFUL TO (A) PRESENT OR CAUSE TO BE PRESENTED ANY FALSE OR FRAUDULENT CLAIM FOR THE PAYMENT OF A LOSS**

**UNDER A CONTRACT OF INSURANCE AND (B) PREPARE, MAKE OR SUBSCRIBE ANY WRITING WITH INTENT TO PRESENT OR USE THE SAME, AND TO ALLOW IT TO BE PRESENTED OR USED IN SUPPORT OF ANY SUCH CLAIM. ANY PERSON WHO VIOLATES ANY PROVISION OF THIS SECTION IS PUNISHABLE BY IMPRISONMENT IN THE STATE PRISON OR BY FINE NOT EXCEEDING FIFTY THOUSAND DOLLARS ($50,000) OR BOTH."**

### 15. Severability

Should any of the provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

### 16. Notice

Any notice to be given hereunder shall be in writing and delivered personally or sent by first class mail, postage prepaid, to the addresses set forth below or to such other address as either party may designate by written notice to the other:

PLAINTIFFS:  R. Samuel Paz, Esq.
LAW OFFICES OF R.
SAMUEL PAZ
5711 W. Slauson, Suite 100
Culver City, CA 90230

Mark Pachowicz, Esq.
PACHOWICZ | GOLDENRING APLC
6050 Seahawk St.
Ventura, CA 93003

Sonia M. Mercado, Esq.
SONIA MERCADO & ASSOCIATES
5711 W. Slauson, Suite 100
Culver City, CA 90230

DEFENDANT:  Thomas C. Hurrell, Esq.
HURRELL CANTRALL LLP
725 South Figueroa Street, Suite 3800
Los Angeles, CA 90017

### 17. Proper Construction

The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties.

As used in this Agreement, the term "or" shall be deemed to include the term "and/or"

and the singular or plural number shall be deemed to include the other whenever the context so indicates.

The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify, or otherwise be used in the interpretation of any of the provisions hereof. The location of a paragraph is not intended to express the priority or importance of said paragraph.

### 18. Execution of Agreement in Counterparts

This Settlement Agreement and General Release will be executed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same agreement.

### 19. Waiver

It is further agreed by the Parties that no term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provisions of this Agreement, except by an express written instrument of the Party charged with such a waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

### 20. Entire Agreement

This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. PLAINTIFF further understands that the terms of this waiver and release are contractual and not a mere recital.

This Agreement cannot be amended, altered, modified, or superseded except by a written agreement so stating, which is signed by PLAINTIFFS and DEFENDANT or their representatives.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Dated: 9-9, 2022

*Blanca Briceno*
Plaintiff BLANCA BRICENO

Dated: 9-9, 2022

*Juan M. Briceno*
Plaintiff JUAN MANUEL BRICENO

Dated: 9-7, 2022          _____
                          Authorized Representative for
                          DEFENDANT/COLA/LASD


This Settlement Agreement and Release of All Claims has been read and approved as to form.

Dated: 9/8, 2022          By: _____
                          R. Samuel Paz, Esq.
                          LAW OFFICES OF R.
                          SAMUEL PAZ
                          Counsel for PLAINTIFF JUAN
                          MANUEL BRICENO

Dated: 9/8, 2022          By: _____
                          Mark Pachowicz, Esq.
                          PACHOWICZ |
                          GOLDENRING APLC
                          Counsel for ESTATE OF ERIC
                          ESTEBAN BRICENO and
                          BLANCA BRICENO

Dated: 9/8, 2022          By: _____
                          Sonia M. Mercado, Esq.
                          Counsel for ESTATE OF ERIC
                          ESTEBAN BRICENO and
                          BLANCA BRICENO

Dated: 9/8, 2022          By: _____
                          Thomas C. Hurrell, Esq.
                          HURRELL CANTRALL LLP
                          Counsel for DEFENDANT